UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY L. BROOKINS,<br><br>               Plaintiff,<br><br>       v.<br><br>F. ACOSTA,<br><br>               Defendant.[1] | Case No. 1:19-cv-00401-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS NON-COGNIZABLE CLAIMS[2]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 12)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Plaintiff Barry L. Brookins, proceeding *pro se*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1). Plaintiff's Second Amended Complaint is before the Court for screening. (Doc. No. 12). The undersigned recommends Plaintiff be permitted to proceed with his First Amendment retaliation claim stemming from the alleged January 2018 seizure and destruction of Plaintiff's property, but that all other claims be dismissed under 28 U.S.C. § 1915A.

///

---

[1] The Clerk shall correct the docket to reflect F. Acosta as the sole defendant named in Plaintiff's Second Amended Complaint. (Doc. No. 12 at 1, 3).

[2] The undersigned submits these factual findings and recommendations to the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

# I. BACKGROUND

**A. Procedural Posture**

Plaintiff filed his initial complaint on March 28, 2019. (Doc. No. 1). The then-assigned magistrate judge granted Plaintiff's motion for leave to proceed *in forma pauperis* on April 5, 2019. (Doc. No. 5). The Court screened Plaintiff's initial complaint on September 16, 2019 and determined that it failed to state a cognizable claim for relief. (Doc. No. 7). Plaintiff was granted leave to amend and filed his first amended complaint on October 7, 2019. (Doc. Nos. 7, 8). On February 27, 2020, the Court screened Plaintiff's first amended complaint and again found that it failed to state a cognizable claim for relief. (Doc. No. 10). Plaintiff was provided 30 days to file a second amended complaint, which he filed April 1, 2020.[3] (Doc. No. 12, "SAC"). In his SAC, Plaintiff states he will "attach supporting documents" and makes references to various documents throughout his pleading. (*Id.* at 4-9). No documents, however, are attached to the SAC. To the extent that any documents were attached to his original or amended complaint, Plaintiff was duly advised that his amended complaint supersedes earlier versions and that it must be "complete in itself without reference to the prior or superseded pleading." (Doc. No. 10 at 23 citing to Local Rule 220).

**B. Summary of the SAC**

The SAC names one Defendant, F. Acosta, a correctional officer at California Substance Abuse Treatment Facility in Corcoran, California. (Doc. No. 12 at 3). Under section IV of the form complaint, Plaintiff identifies the following causes of actions: (1) "retaliation, freedom of expression" under the First Amendment; (2) "malicious and sadistic reasons" under the Fourth Amendment; (3) "arbitrary and capricious act's [sic], falsifying reports, freedom from cruel and unusual punishment" under the Eighth Amendment; and (4) "due process, failure to protect" under the Fourteenth Amendment. (*Id.* at 4).

The following facts in support of the FAC are accepted as *true* only for purposes of

---

[3] On October 26, 2020, Plaintiff filed what was docketed as a "LODGED THIRD AMENDED COMPLAINT." (Doc. No. 13). Contrary to its title, the filing merely requested confirmation that the Court had received the SAC. (*Id.*).

1  screening under 28 U.S.C. § 1915.  On December 26, 2017, Plaintiff filed suit against Defendant
2  Acosta in Kings County Superior Court for "race and discrimination".  (Doc. No. 12 at 7).   On
3  January 7, 2018, Acosta discovered an unspecified "weapon" while searching Plaintiff's cell.
4  (*Id.*).  Plaintiff was found guilty of the violation and 360 days were added to Plaintiff's prison
5  sentence.  (*Id.* at 9).  Plaintiff claims the weapon was planted in retaliation for filing the
6  December 26, 2017 complaint against Defendant Acosta.  (*Id.*).

7       As a result of the weapon being found on January 7, 2018, Plaintiff was transferred from
8  the "mainline" to a higher security prison section.  (*Id.*).  During his transfer, some of Plaintiff's
9  belongings, including law books, postcards, and family photos, were "destroyed and lost."  (*Id.* at
10 7-8).  The lost items were inventoried by Defendant Acosta during Plaintiff's transfer.  (*Id*).
11 Plaintiff claims Acosta discarded his personal property as retaliation for him filing the December
12 26, 2017 civil suit.  (*Id.* at 7-9).  Plaintiff further alleges his time in the higher security section of
13 the prison left him with "stress and anxieties [sic] emotionally and psychologically."  (*Id.* at 9).

14     On March 26, 2018, Defendant Acosta and Correctional Officer R. Soto approached
15 Plaintiff's cell and Acosta told Plaintiff "you like snitching on officer(s) [sic] huh.  I read all your
16 bullshit 602(s) [sic] you aint [sic] got shit comming [sic].  You gone get enough with fucking
17 with us officer(s) [sic]."  (*Id.* at 4).  Plaintiff responded that it was his right to file a complaint
18 when a policy is violated.  (*Id.* at 4-5).  Acosta replied, "they need to take your ass off the
19 mainline and lock you up."  (*Id.*).  Acosta then announced he was doing a cell search and Officer
20 Soto took Plaintiff to C-Section where Plaintiff was ordered to "strip out nude."  Plaintiff refused
21 to remove his boxers and told Soto he had pending complaints for "illegal and demeaning strip
22 searches."  (*Id.* at 5).

23     Acosta joined Plaintiff and Soto within "a minute or so,".  (*Id.*).  After hearing Plaintiff
24 refused to submit to a strip search, Defendant Acosta ordered Soto to take Plaintiff to the "C-
25 Facility Program Office."  (*Id.* at 5).  When Plaintiff protested, Acosta told him "yeah [Plaintiff] I
26 notice you don't go out to the yard?  What are you scared they are gonna fuck you up out their
27 [sic]."  (*Id.* at 6).  Plaintiff replied he refused to strip because of his "beliefs" and "principles."
28 (*Id.*).  In response, Defendant Acosta said, "thats [sic] all you do is write shit up you aint [sic]

3

1  gonna change shit here.  They need to send your ass upto [sic] Pelican Bay State Prison.  I dont
2  [sic] give a fuck about your strip search complaint." (*Id.*).  Plaintiff claims these comments
3  demonstrate Defendant Acosta was aware that Plaintiff had filed suit against him and was
4  retaliating in response.  (*Id.*).

## II.  APPLICABLE LAW

### A.  Screening Requirements and Fed. R. Civ. P. 8

Under 28 U.S.C. § 1915A, courts are required to screen a prisoner's complaint that seeks relief against a governmental entity, its officers, or its employees.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2)(b)(ii) (governing actions proceeding *in forma pauperis*).

A claim fails to state a claim upon which relief may be granted if it appears that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Palmer v. Roosevelt Lake Log Owners Ass'n, Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

During screening, courts must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Rex Hosp. Tr.,* 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir.

4

2003) (the court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt). Courts are not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, (2009) (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief..." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citations omitted). Courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

If the court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). A district court should not, however, advise the litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

Finally, the Federal Rules of Civil Procedure permit a complaint to include all *related claims* against a party and permit joinder of all defendants alleged to be liable for the "same transaction, occurrence, or series of transactions or occurrence" where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 18(a) and 20(a)(2)

5

(emphasis added).  But the Rules do not permit conglomeration of unrelated claims against unrelated defendants in a single lawsuit.  Unrelated claims must be filed in separate lawsuits.

**B.  Section 1983**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law.  *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017).  To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law.  *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017).  The plaintiff can satisfy the causation requirement by showing either: (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation.  *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode*, 423 U.S. 362, (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

**III.  ANALYSIS**

Plaintiff claims that his First, Fourth, Eighth, and Fourteenth Amendment rights were violated by Defendant.  (Doc. No. 12 at 4).  As discussed below, the SAC states a First Amendment retaliation claim but fails to state Fourth, Eighth and Fourteenth Amendment violations.

**A.  First Amendment Retaliation Claim**

Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so."  *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)).  To prevail on a retaliation claim

1 under the First Amendment, a plaintiff must show that: (1) he engaged in a protected conduct;
2 (2) a state actor took some adverse action against him; (3) the protected conduct was a
3 "substantial" or "motivating" factor behind the adverse action; (4) the adverse action would chill
4 a person of ordinary firmness from future exercise of First Amendment rights; and (5) the action
5 did not reasonably advance a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559,
6 567-68 (9th Cir. 2005).

7 Adverse action taken against a prisoner "need not be an independent constitutional
8 violation." *Watson*, 688 F.3d at 1114 (internal citations omitted). A causal connection between
9 the adverse action and the protected conduct can be alleged by an allegation of a chronology of
10 events from which retaliation can be inferred. *Id.* The filing of grievances and the pursuit of civil
11 rights litigation against prison officials are both protected activities. *Rhodes*, 408 F.3d at 567–68.
12 A plaintiff successfully pleads that the action did not reasonably advance a legitimate correctional
13 goal by alleging, in addition to a retaliatory motive, that the defendant's actions were "arbitrary
14 and capricious" or that they were "unnecessary to the maintenance of order in the institution." *Id*.

15 Under the first prong of *Robinson*, Plaintiff must show Defendant took an adverse action
16 against him. Plaintiff's SAC alleges Defendant searched Plaintiff's cell in order to plant weapons
17 to justify transferring Plaintiff within the prison. (Doc. No. 12 at 4-9). Plaintiff also alleges
18 Defendant both destroyed and lost Plaintiff's personal belongings. (*Id.*).

19 Plaintiff's SAC alleges his sentence was twice extended by 360 days because of the
20 weapons found in his cell. (*Id.* at 9). In *Heck v. Humphrey*, 512 U.S. 447, 486-87 (1994), the
21 Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or
22 imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction
23 or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been
24 [overturned]." Accordingly, "a state prisoner's [section] 1983 action is barred (absent prior
25 invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the
26 prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in
27 that action would necessarily demonstrate the invalidity of confinement or its duration."
28 *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). If a plaintiff prevails on his retaliation claim

1  based on Defendant Acosta planting a weapon in his cell, a judgment in his favor will necessarily
2  imply the invalidity of his underlying disciplinary convictions. *See Edwards v. Balisok,* 520 U.S.
3  641, 647 (1997). Plaintiff has not alleged the underlying disciplinary conviction was vacated.
4  Plaintiff's retaliation claims premised on Defendant Acosta planting a gun in his cell on either
5  date therefore cannot proceed.

6  Plaintiff's claim that Defendant Acosta retaliated against him by losing and/or destroying
7  his property is not tied to any underlying disciplinary action and is thus not implicated by *Heck*.
8  Further, the destruction of personal property can constitute an adverse action under the first prong
9  of *Robinson*. *Parks v. Wren*, 651 F. App'x 597, 599 (9th Cir. 2016). Plaintiff alleges he filed a
10  state court complaint against Defendant Acosta on December 26, 2017. (Doc. No. 12 at 7). On
11  January 7, 2018, when Plaintiff was transferred within the prison, Defendant Acosta inventoried
12  Plaintiff's belongings and then lost or destroyed much of them. (*Id.* at 9). Plaintiff points to the
13  comments allegedly made by Defendant Acosta on March 26, 2018 as proof that Acosta was
14  aware of Plaintiff's litigation and was retaliating against him. These allegations, if true, are
15  sufficient to satisfy the second and third prong of *Robinson*—that Defendant Acosta allegedly
16  took adverse action because of Plaintiff's protected action—filing a complaint against him.

17  Under the fourth prong of Robinson, Plaintiff must allege the adverse action chilled his
18  ability to exercise his rights. Plaintiff's complaint alleges Defendant Acosta's actions created a
19  "chilling effect" but does not expand on specifically what he was discouraged from doing. (Doc.
20  No. 12 at 8). Still, the Court's proper inquiry is "whether an official's acts would chill or silence a
21  person of ordinary firmness from future First Amendment activities." *Mendocino Environmental*
22  *Center v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999). Plaintiff alleges he lost
23  personal effects, such as postcards and family photos, in retaliation for filing his complaint
24  against Defendant. (Doc. No. 12 at 7-8). The Court can reasonably infer Plaintiff would be
25  chilled from filing further complaints to avoid losing his remaining personal items. The fourth
26  prong of *Robinson* is accordingly met.

27  Under the final prong of *Robinson*, Plaintiff must show the adverse action did not advance
28  a legitimate correctional goal. The allegedly lost and destroyed items include law books and

8

1 family photos. The Court cannot contemplate a legitimate reason for destroying such items, and their loss and destruction does not appear to help maintain order within Plaintiff's prison. Plaintiff has therefore satisfied the fifth and final prong of *Robinson*. Because Plaintiff's First Amendment retaliation claim based on the destruction of his personal property satisfies all the *Robinson* prongs and is not *Heck* barred, it is a cognizable claim and can thus proceed against Defendant.

**B. Fourth Amendment**

Plaintiff's SAC alleges a claim under the Fourth Amendment for "malicious and sadistic reasons." (Doc. No. 12 at 4). The SAC 's cryptic reference to the Fourth Amendment is vague and deficient for purposes of stating a claim. *See* Fed. R. Civ. P. 8(a)(2). To the extent Plaintiff's claim is related to the search of his cell, Plaintiff has "no Fourth Amendment privacy interest precluding prison officials from inspecting his personal property." *Hopkins v. Erickson*, 152 F.3d 926 (9th Cir. 1998). Liberally construed, the undersigned finds the SAC does not state a Fourth Amendment claim and recommends Plaintiff's Fourth Amendment claim be dismissed.

**C. Eighth Amendment**

To state an Eighth Amendment cruel and unusual punishment claim based on conditions of confinement, the plaintiff must prove a denial of the "'minimal civilized measure of life's necessities,' occurring through 'deliberate indifference' by prison personnel or officers." *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, (1981). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citation omitted) (noting that "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment [conditions of confinement ] violation"); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) ("The Constitution 'does not mandate comfortable prisons.'"). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm

and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 835. To satisfy the first prong, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* To satisfy the second prong, the official must know of and disregard an excessive risk to inmate safety. *Id.* at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.*

Liberally construed, the FAC appears to claim that the disciplinary reports for the weapons found in Plaintiff's cell were false; and thus constitute cruel and unusual punishment. As noted *supra*, Plaintiff cannot proceed on a § 1983 claim that would invalidate his finding of guilt of the disciplinary infractions for which he lost 360 days. *See Heck v. Humphrey*, 512 U.S. at 486-87. Further, an Eighth Amendment claim cannot be based on "an allegation that defendants issued a false rules violation against plaintiff." *Jones v. Prater*, 2012 WL 1979225, at *2 (E.D. Cal. Jun. 1, 2012); *Cauthen v. Rivera*, 2013 WL 1820260, at *10 (E.D. Cal. Apr. 30, 2013). Consequently, the SAC fails to plead a cognizable Eighth Amendment claim against Defendant and the undersigned recommends Plaintiff's Eighth Amendment claim be dismissed.

**D. Fourteenth Amendment**

The SAC alleges a claim for "due process, failure to protect" under the Fourteenth Amendment. (Doc. No. 12 at 4). To plead a procedural due process violation, Plaintiff must allege that Defendant interfered with his life, liberty, or property interest through an unconstitutional manner. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1990). Other than his conclusory statements, Plaintiff does not elaborate how Defendant Acosta interfered with his life, liberty or property interests. And while the SAC makes passing references to the prison's administrative process, there is no discussion of how that process was unconstitutional. Moreover, "a prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. A long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fails to state a claim under § 1983." *Muhammad v. Rubia*, 2010 WL 1260425, at *3 (N.D. Cal., Mar. 29, 2010), *aff'd*, 453 Fed. App'x 751 (9th Cir. 2011). To the extent that Plaintiff

10

wishes to challenge the constitutionality of the prison's administrative procedures concerning the disciplinary process that resulted in the finding to sustain the weapons charges that resulted in an additional 360 days being added twice to Plaintiff's sentence, he must file petition for writ of habeas corpus.

Plaintiff's claims for failure to protect under the Fourteenth Amendment bust be dismissed because Plaintiff is prisoner, and his claims arise from the Eighth not the Fourteenth Amendment. *Lolli v. Cty. of Orange*, 351 F.3d 410, 418–19 (9th Cir. 2003) (where the plaintiff has "been neither charged nor convicted of a crime are analyzed under the substantive due process clause of the Fourteenth Amendment."). Claims for failure to protect brought by convicted prisoners are analyzed under the Eighth Amendment deliberate indifference standard. *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

Plaintiff's claims for failure to protect, even if liberally construed as being brought under the Eight Amendment likewise fail. The Constitution imposes upon the government a duty to assume responsibility for an inmate's safety and general well-being. *See Helling v. McKinney*, 509 U.S. 25 (1993). Under the Eighth Amendment, the government must provide criminal inmates with basic human needs, including reasonable safety. *Id*. at 32. The government violates the Eighth Amendment if it confines an inmate in unsafe conditions. *Id*. at 33. Moreover, the government may not "ignore a condition of confinement that is sure or very likely to cause serious illness." *Id*. at 32. Here, construing the SAC liberally and assuming all facts as true, the SAC nonetheless fails to articulate any facts either expressly or from which it can reasonably be inferred that Plaintiff was placed in an unsafe condition. The undersigned recommends that SAC claim for failure to protect under either the Fourteenth or Eight Amendments be dismissed.

## IV.  FINDINGS AND RECOMMENDATIONS

Based on the above, the Court finds that Plaintiff's second amended complaint states a cognizable claim against Defendant Acosta for a First Amendment claim for retaliation stemming from the alleged seizure and destruction of Plaintiff's personal effects. However, Plaintiff's first Amendment retaliation claim based on the alleged planting of a gun in Plaintiff's cell by Defendant, as well as his claims under the Fourth, Eighth and Fourteenth Amendments, are not

cognizable.

The Court explicitly notified Plaintiff in its previous screening order that it was his final opportunity to amend his complaint. (Doc. No. 10 at 23). Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the remaining deficiencies and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is **ORDERED**:

1. The Clerk of Court shall correct the caption to reflect Defendant Acosta as the sole defendant as named in the Second Amended Complaint.

2. The Clerk of the Court is directed to assign a District Judge to this action.

Further, it is **RECOMMENDED**:

1. Plaintiff's Second Amended Complaint (Doc. No. 12) proceed against Defendant Acosta for violations of Plaintiff's First Amendment rights for retaliation stemming from the January 2018 alleged seizure and destruction of Plaintiff's personal property.

2. All other claims be dismissed from this action based on Plaintiff's failure to state claims upon which relief may be granted.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: ___July 27, 2021___

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE