UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY L. BROOKINS, | Case No. 1:19-cv-00401-JLT-HBK (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANT'S REQUEST TO TAKE JUDICIAL NOTICE, MOTION FOR LEAVE TO AMEND ANSWER, AND MOTION TO STAY ALL PROCEEDINGS |
| v. | |
| F. ACOSTA, | |
| Defendant. | (Doc. No. 34) |

Pending before the court is Defendant's motion requesting leave to amend his answer and to stay all proceedings filed October 4, 2022. (Doc. No. 34). Included with Defendant's motion is an amended answer (Doc. No. 34 at 4 – 8), declaration from counsel (Doc. No. 34-1 at 1-2), memorandum and points of authority in support of the instant motion (Doc. No. 34-2 at 1-15), and a request for judicial notice with exhibits (Doc. No. 34-3 at 1-123). Plaintiff timely opposed Defendant's motion. (Doc. No. 36). Defendant filed a reply to Plaintiff's opposition on November 16, 2022. (Doc. No. 38).

Request for Judicial Notice

Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction," or they "can be accurately and readily determined from sources whose

1  accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  The Court may take judicial
2  notice on its own or at the request of any party.  *Id.* 201(c).  Courts judicially notice other court
3  proceedings "if those proceedings have a direct relation to the matters at issue."  *United States ex.*
4  *Rel. Robinson Rancheria Citizens Counsel v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cri.
5  1992)(citations and internal quotation marks omitted); *Trigueros v. Adams*, 658 F.3d 983, 987
6  (9th Cir. 2011).  However, a court may not take judicial notice of findings of facts from another
7  case.  *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006).  The Court grants
8  Defendants request to judicial notice of the exhibits submitted by Defendant in support of its
9  Motion.

10          Motion to Amend

11      Defendant seeks to amend his answer to assert the additional defenses of collateral
12  estoppel and res judicata.  (Doc. No. 34 at 1).  In support, Defendant explains Plaintiff filed a
13  Petition for Writ of Mandate in the Kings County Superior Court on August 7, 2019, which
14  named Defendant Acosta and asserted similar facts to the facts raised in this case.  (Doc. No. 34-2
15  at 2).  Recently, Plaintiff was denied relief by the Superior Court and Plaintiff's appeal of the
16  Superior Court's decision remains pending.  (*Id*. at 3).  Defendant Acosta was represented by
17  different counsel in the state action and Defendant Acosta had filed his answer in this case before
18  Plaintiff filed his appeal of the Kings County Superior Court decision.  (Doc. No. 34-1).
19  Defendant requests leave to amend his answer because the "the disposition of Plaintiff's write of
20  mandate proceeding…may have a preclusive effect on his retaliation claim brought under §
21  1983."  (Doc. No. 34-2 at 4).  Defendant requests the Court to take judicial notice of: (1) the
22  online docket sheet of *Brookins v. Acosta et al.*, Kings Cnty. Super. Ct. No. 19C-0342; (2) the
23  Petition and Amended Petition related to Plaintiff's mandamus proceedings in *Brookins v. Acosta*
24  *et al.*, Kings Cnty. Super. Ct. No. 19C-0342; (3) the March 10, 2022 state court ruling related to
25  Plaintiff's writ of mandate in *Brookins v. Acosta et al.*, Kings Cnty. Super. Ct. No. 19C-0342; and
26  (4) the docket sheet in Plaintiff's state appeal in *Brookins v. Acosta, et al.*, Case No. F084083
27  (Cal. App. 5th).
28      In opposition, Plaintiff argues Defendant should not be permitted to amend his complaint

1  because doing so would be a "double standard" where a state court decision may have a
2  preclusive effect on the instant action. (Doc. No. 36 at 2). Plaintiff also argues that Defendant
3  should not be permitted to amend his answer because his instant civil rights complaint predates
4  the filing of his state court writ of mandate. (*Id*.). Further, Plaintiff argues that Defendant should
5  not be granted leave to amend his answer because the state court writ of mandate is "based on
6  completely different grounds." (*Id*.). Plaintiff's final argument is that Defendant should not be
7  permitted to amend because the state appellate court is "stonewalling" his appellate proceedings.
8  (*Id*. at 2-3).

9        Defendant timely moved to amend his Answer before the time expired in the Rule 16
10 Discovery and Scheduling Order. (Doc. No. 33). Thus, Defendant need not show good cause but
11 need only meet the liberal standard of Rule 15(a), which instructs that the Court "should freely
12 give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). An opposing party must show
13 undue prejudice, bad faith, or dilatory motive on the part of the moving party for the Court to
14 deny leave to amend, or futility of the amendment. *Ascon Properties, Inc. v. Mobil Oil Co.*, 866
15 F.2d 1149, 1160 (9th Cir. 1989) (citations omitted).

16       Here, there is no evidence that Defendant acted with delay, bad faith, or has a dilatory
17 motive to amend his answer. Defendant timely moved after Plaintiff lodged his state appeal and
18 before the deadline in the Discovery and Scheduling Order. Liberally construed, Plaintiff appears
19 to argue futility because he contends Defendant's possible defense of issue preclusion fails on the
20 merits. The Court need not determine the merits of a res judicata defense, but only determine
21 whether Defendant is granted given leave to amend his answer so that he *may* assert a res judicata
22 defense if he so desires. Consequently, the Court will grant Defendant's motion and direct the
23 Clerk to accept the proposed amended answer as the operative pleading.

24       <u>Motion to Stay</u>

25       Defendant also requests a stay of the proceedings until the state court of appeals reaches a
26 decision on Defendant's appeal so that Defendant may assert a collateral estoppel defense and
27 because "[s]everal of Plaintiff's written discovery requests have related, or directly referred to his
28 state court mandamus proceedings." (Doc. No. 34 at 4-6). Plaintiff's opposition is silent to

Defendant's request to stay the proceedings.

The court is vested with broad discretion to stay a case. *Clinton v. Jones*, 520 U.S. 681, 705 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Such discretion may be exercised even if the issues before the court are not controlling. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F. 2d 857, 863-64 (9th Cir. 1979). It is "common practice" when pending civil and criminal actions stem from the same incident "to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 394, (2007). Thus, the Court, in its discretion, will issue a limited stay of this action.

Accordingly, it is **ORDERED**:

1. Defendant's request for judicial notice (Doc. No. 34) is GRANTED.

2. Defendant's motion for leave to amend his answer (Doc. No. 34) is GRANTED. Defendant shall file his Amended Answer to Plaintiff's Second Amended Complaint and Demand for Jury (Doc. No. 34 at 4-8) as a separate pleading **within ten (10) Days** of the date of this Order.

3. Defendant's request to stay this action (Doc. No. 34) is GRANTED to the extent that this case, including all deadlines in the Court's April 5, 2022 discovery and scheduling order (Doc. No. 33) is stayed **until April 3, 2023**. Defendant shall a file status report no later than March 27, 2023, to advise the Court of the status of Plaintiff's appeal or must file a motion to lift the stay **no later than fourteen (14) days** after the state court of appeals issues a ruling on Plaintiff's appeal.

Dated:    December 1, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE