1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BARRY L. BROOKINS,                        Case No.  1:19-cv-00401-JLT-HBK (PC)

12                 Plaintiff,                    ORDER DENYING PLAINTIFF'S
                                                 CONSTRUED MOTION FOR
13          v.                                   RECONSIDERATION

14    F. ACOSTA,                                 (Doc. No. 45)

15                 Defendant.

16

17          On January 20, 2023, Plaintiff filed a motion stating his opposition to the Court's

18    December 1, 2022.  (Doc. No. 45).  In its Order dated December 1, 2022, the Court permitted

19    Defendant to file an amended answer to assert the affirmative defenses of collateral estoppel and

20    res judicata; and, because the state court of appeals had not yet rendered its decision on the

21    issuing giving rise to these affirmative defenses, the Court granted a limited stay of this action.

22    (Doc. No. 39).  Defendant filed a Second Amended Answer on December 5, 2022.  (Doc. No.

23    41).  Plaintiff requests the Court to reconsider its decision staying the instant action because

24    "claim preclusion does not bar (the Plaintiff's) § 1983 action." (Doc. No. 45 at 1).  Plaintiff also

25    argues that the state court of appeals case is not relevant to the instant action.  (*Id*. at 2).

26          Given that the motion was filed beyond fourteen (14) days,[1] the Court does not construe

27

28    [1] Normally the Court utilizes the mailbox rule and gives deference to the date an inmate claims to have
signed a pleading and delivered it to correctional officials for mailing.  Here, Plaintiff claims to have

the motion as filed under Federal Rule of Civil Procedure 72(a), and instead construes the motion

as filed under Rule 60(b).  Rule 60(b) provides relief from a final judgment, order, or proceeding

for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or  misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a *reasonable* time.  And,

for reasons (1), (2), and (3) set forth above no more than a year after the entry of the order.  When

filing a motion for reconsideration, the Court's local rules also require a showing of "new or

different facts or circumstances claimed to exist which did not exist or were not shown upon such

prior motion, or what other grounds exist for the motion."  E.D. Cal. L.R. 230(j).

Plaintiff has not established a sufficient reason under Rule 60 to warrant reconsideration

of the December 1, 2022 Order.  The Court found Defendant met the liberal standard under Rule

15(a)(2) to amend its answer because they first learned of the state mandamus action during

discovery.  (Doc. No. 39 at 3).  Given that the state mandamus action giving rise to these

affirmative defenses is on appeal, the Court further found that a limited stay until April 5, 2023

was warranted.  (Id. at 4, ¶3).  Courts have broad discretion to stay a case and Plaintiff provides

no reason why a limited stay of 90 days for this action is not warranted.  *See Clinton v. Jones*, 520

U.S. 684, 705 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).  Further,

---

signed the motion and delivered it to correctional officials for mailing on November 30, 2022. (Doc. No. 45 at 3).  The Court finds the date of mailing suspect given Plaintiff claims to have signed and delivered his opposition to correctional officials for mailing the day before the Court issued its December 1, 2022 Order.

the Court did not opine on the merits of the newly raised affirmative defenses.  Defendant has not yet filed a motion asserting either affirmative defense.  Thus, whether the affirmative defenses are meritorious is not ripe for consideration by the Court.

Accordingly, it is **ORDERED**:

Plaintiff's construed motion for reconsideration under Rule 60 (Doc. No. 45) is DENIED.


Dated:      January 30, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE