UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY L. BROOKINS,<br><br>    Plaintiff,<br><br> v.<br><br>F. ACOSTA,<br><br>    Defendant. | Case No. 1:19-cv-00401-JLT-HBK (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR STAY OF DISCOVERY<br><br>ORDER MOOTING DEFENDANT'S MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER<br><br>(Doc. Nos. 63, 59) |

   On November 16, 2023, Defendant Acosta filed a Motion for Summary Judgment based on res judicata. (Doc. No. 60, "MSJ"). Plaintiff filed an opposition (Doc. No. 64), and Defendant filed a reply (Doc. No. 65). Thus, the MSJ is fully briefed.[1]

   On November 29, 2023, Defendant F. Acosta filed a Motion to Stay Discovery and Vacate All Current Deadlines. (Doc. No. 63, "Motion"). Defendant asks the Court to stay discovery and vacate all case deadlines pending a decision on the MSJ. (*Id*.). Defendant asserts that the Court needs no further information to resolve the pending MSJ and that a stay will avoid unnecessary expenditure of resources given that the Court's ruling will potentially dispose of the case. (*Id*. at 3-4). Plaintiff did not file a response to the Motion and the time to do so has expired. *See* Local

---

[1] On January 10, 2024, the Court permitted Plaintiff to file an amended opposition due to his mistaken belief that his opposition was limited to seven pages. (Doc. No. 67).

Rule 230(l). Also pending is Defendant's Motion to Modify the Discovery and Scheduling Order filed on November 16, 2023. (Doc. No. 59).

A federal court enjoys "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). And magistrate judges have broad discretion to stay discovery pending decisions on dispositive motions, including motions for summary judgment. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550 (11th Cir. 1985); *see also Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976). The court may, for example, stay discovery when it is convinced that a plaintiff will be unable to state a claim for relief or if the action is moot. *B.R.S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir.1979); *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981), cert. denied, 455 U.S. 942 (1982).

The Court applies a two-part test to evaluate the need for discovery while a potentially dispositive motion is pending. *Pacific Lumber Co. v. Nat'l Union of Fire Ins. Co. of Pittsburg, PA*, 220 F.R.D. 349, 351-52 (N.D. Cal. 2003); *Mlejnecky v. Olympus Imaging Am., Inc*., 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011). First, the "pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Pacific Lumber*, 220 F.R.D. at 352. Second, "the court must determine whether the pending dispositive motion can be decided absent additional discovery." *Id*. Here, both prongs are satisfied. The pending MSJ would be dispositive of the entire case. And based on a review of the briefing submitted, no further discovery is needed to decide the pending MSJ. Good cause exists to grant the stay as it serves the interests of judicial economy and avoids unnecessary effort and expense by the parties.

Because the Court grants a stay pending the Court's ruling on Defendant's MSJ, Defendants Motion to Modify the Discovery and Scheduling Order is moot. If the Court denies Defendant's MSJ, the Court will issue a second amended Discovery and Scheduling Order.

Accordingly, it is **ORDERED:**

1. Defendant's Motion to Stay Discovery and Vacate All Deadlines (Doc. No. 63) is **GRANTED**.

2. The Court **STAYS** discovery and all deadlines in the Court's October 2, 2023 Amended Discovery and Scheduling Order (Doc. No. 56), pending resolution of Defendant's Motion for Summary Judgment (Doc. No. 60).

3. The Court finds Defendant's Motion to Modify Discovery and Scheduling Order filed on November 16, 2023 (Doc. No. 59) is moot given the Stay of this action.

Dated:   January 12, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE