UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY L. BROOKINS,<br><br>            Plaintiff,<br><br>     v.<br><br>F. ACOSTA,<br><br>            Defendant. | Case No.  1:19-cv-00401-JLT-HBK (PC)<br><br>ORDER GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE<br><br>(Doc. No. 60-3)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT[1]<br><br>(Doc. No. 60)<br><br>14-DAY DEADLINE |

Pending before the Court is the Motion for Summary Judgment filed by Defendant F. Acosta on November 16, 2023. (Doc. No. 60, "MSJ"). Plaintiff filed an Opposition (Doc. No. 64) and Defendant filed a Reply. (Doc. No. 65). The undersigned, finding no dispute of material fact as to whether Plaintiff's federal claim is barred by *res judicata*, recommends Defendant's MSJ be granted.

### I.     REQUEST FOR JUDICIAL NOTICE

Contained within Defendant's Motion for Summary Judgment is a Request for Judicial Notice.  (Doc. No. 60-3).  Defendant requests the Court to take judicial notice of "the existence

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023).

and content, although not the truth" of the following documents from Plaintiff's state court litigation:

>   (1) The California Court of Appeal, Fifth Appellate District's July 25, 2023 Opinion affirming the Kings County Superior Court order denying Plaintiff's petition for writ of mandate.  (*Id*. at 5-12); and
>
>   (2) The docket ("Register of Actions") for F084083, Plaintiff's appeal of the Kings County Superior Court's denial of his petition for writ of mandate.

(*Id*. at 13-19).

Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction," or they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The Court may take judicial notice on its own or at the request of any party.  *Id.* 201(c).  Courts judicially notice other court proceedings "if those proceedings have a direct relation to the matters at issue."  *United States ex. Rel. Robinson Rancheria Citizens Counsel v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citations and internal quotation marks omitted); *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).  However, a court may not take judicial notice of findings of facts from another case. *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006).

Here, the documents from Court of Appeal case No. F084083 have a direct relation to the matters at issue in this case.  Whether Plaintiff had a "full and fair opportunity to litigate" in state court the claims asserted in this federal action is highly relevant to whether the Court should grant Defendant's Motion for Summary Judgment based on collateral estoppel.  Thus, the Court takes judicial notice pursuant to Fed. R. Evid. 201(b) of the content and existence, though not the truth of any fact asserted within, the above-referenced documents from Plaintiff's state court appeal.

## II.   BACKGROUND

### A. Summary of Plaintiff's Federal Complaint

Plaintiff Barry L. Brookins ("Plaintiff" or "Brookins"), a state prisoner, proceeds pro se on second amended civil rights complaint filed pursuant to 42 U.S.C § 1983.  (Doc. No. 12,

2

"SAC"). As screened, the Court found the SAC stated a cognizable First Amendment retaliation claim stemming from Defendant Acosta's alleged seizure and destruction of Plaintiff's personal property. (Doc. Nos. 16, 18).

The SAC names one Defendant, F. Acosta, a correctional officer at California Substance Abuse Treatment Facility in Corcoran, California. (Doc. No. 12 at 3). Plaintiff had filed suit against Defendant Acosta in Kings County Superior Court for "race and discrimination" on December 26, 2017. (*Id*. at 7). On January 7, 2018, Acosta discovered an unspecified "weapon" while searching Plaintiff's cell. (*Id.*). Plaintiff was found guilty of the violation and 360 days were added to Plaintiff's prison sentence. (*Id.* at 9). Plaintiff claims the weapon was planted in retaliation for filing the December 26, 2017 complaint against Defendant Acosta. (*Id.*).

As a result of the weapon being found on January 7, 2018, Plaintiff was transferred from the "mainline" to a higher security prison section. (*Id.*). During his transfer, some of Plaintiff's belongings, including law books, postcards, and family photos, were "destroyed and lost." (*Id.* at 7-8). The lost items were inventoried by Defendant Acosta during Plaintiff's transfer. (*Id*). Plaintiff claims Acosta discarded his personal property as retaliation for him filing the December 26, 2017 civil suit. (*Id.* at 7-9).

On March 26, 2018, Defendant Acosta and Correctional Officer R. Soto approached Plaintiff's cell and Acosta told Plaintiff "you like snitching on officer(s) [sic] huh. I read all your bullshit 602(s) [sic] you aint [sic] got shit comming [sic]. You gone get enough with [expletive] with us officer(s) [sic]." (*Id.* at 4). Plaintiff responded that it was his right to file a complaint when a policy is violated. (*Id.* at 4-5). Acosta replied, "they need to take your ass off the mainline and lock you up." (*Id.*). Acosta then announced he was doing a cell search and Officer Soto took Plaintiff to C-Section where Plaintiff was ordered to "strip out nude." Plaintiff refused to remove his boxers and told Soto he had pending complaints for "illegal and demeaning strip searches." (*Id.* at 5). Acosta joined Plaintiff and Soto within "a minute or so." (*Id.*). After hearing Plaintiff refused to submit to a strip search, Defendant Acosta ordered Soto to take Plaintiff to the "C-Facility Program Office." (*Id.* at 5). When Plaintiff protested, Acosta told him "yeah [Plaintiff] I notice you don't go out to the yard? What are you scared they are gonna

[expletive] you up out their [sic]." (*Id.* at 6). Plaintiff replied he refused to strip because of his "beliefs" and "principles." (*Id.*). In response, Defendant Acosta said, "thats [sic] all you do is write shit up you aint [sic] gonna change shit here. They need to send your ass up to Pelican Bay State Prison. I dont [sic] give a [expletive] about your strip search complaint." (*Id.*). Plaintiff claims these comments demonstrate Defendant Acosta was aware that Plaintiff had filed suit against him and was retaliating in response. (*Id.*). As relief, Plaintiff seeks $130,000 in punitive damages. (*Id*. at 10).

### B. Defendant's Motion for Summary Judgment

Defendant filed the instant MSJ on November 16, 2023. (Doc. No. 60). In support, Defendant submits a memorandum of points and authorities (Doc. No. 60-1); a supplemental request for judicial notice (Doc. No. 60-3), and a statement of undisputed material facts (Doc. 60-4). Defendant argues Plaintiff's federal suit is barred by claim preclusion because his claim against Defendant Acosta was already litigated in state court. (*See generally* Doc. No. 60-1). Defendant points to Plaintiff's petition for writ of mandate filed on August 7, 2019 in Kings County Superior Court complaining that Defendant Acosta and Correctional Officer J. Regalado (not a party to this suit) had mishandled his property in connection with the January 7, 2018 cell search. (*Id*. at 3). The trial court denied the petition on the merits on March 10, 2022 and the California Court of Appeal affirmed on July 25, 2023. (*Id.*).

### C. Plaintiff's Opposition to Defendant's MSJ

Plaintiff filed an Opposition on November 22, 2023. (Doc. No. 64).[2] In support, Plaintiff submits a memorandum of points and authorities (*id*. at 1-9) and attaches copies of: (1) the opening brief for his state court appeal (*id*. at 10-90); (2) the reply brief in the appeal (*id*. at 91-95), and (3) two motions Plaintiff filed in response to the July 25, 2023 Court of Appeal order affirming the trial court's denial of Plaintiff's petition for writ of mandate (*id*. at 96-108). Plaintiff argues that claim preclusion should not apply to his case because he did not have a "full and fair opportunity to litigate in the prior case." (*Id*. at 2). Plaintiff asserts he had filed

---

[2] Due to Plaintiff's possible confusion about the page limitation for his response in opposition, the Court afforded Plaintiff an opportunity to file an amended opposition. (Doc. No. 67). Plaintiff agreed to stand on his original Opposition. (Doc. No. 70).

4

"documents [in response to the Court of Appeal's July 25, 2023 order] that completely contradicted the" Court's Order, but the Court of Appeal ignored his pleadings. (*Id*. at 1, 7). Plaintiff contends that the dismissal of his state court claims was "made in bad faith" and therefore "further review needs to be based on the merits [and] the material documentations [sic] provided by the Plaintiff which went undisputed." (*Id*. at 7). However, as set forth below, Plaintiff's arguments are unavailing and fail to raise a genuine dispute of material fact as to whether his First Amendment retaliation claim against Defendant Acosta stemming from the destruction of Plaintiff personal property is barred by *res judicata*.

### III. APPLICABLE LAW

#### A. Summary Judgment Standard

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material where it is (1) relevant to an element of a claim or a defense under the substantive law and (2) would affect the outcome of the suit. *See Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247 (1987).

The party moving for summary judgment bears the initial burden of proving the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). When the moving party has met this burden, the nonmoving party must go beyond the pleadings and set forth specific facts by affidavits, deposition testimony, documents, or discovery responses, showing there is a genuine issue that must be resolved by trial. *See* Fed. R. Civ. P. 56(c)(1); *Pacific Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 897 (9th Cir. 2021). A mere "scintilla of evidence" in support of the nonmoving party's position is insufficient. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). Rather, the evidence must allow a reasonable juror, drawing all inferences in favor of the nonmoving party, to return a verdict in that party's favor. *Id.*

The Court has carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. The omission to an argument, document, paper, or objection is

not to be construed that the Court did not consider the argument, document, paper, or objection. Instead, the Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate for purposes of this Order.

### B. Legal Standard for *Res Judicata*

Assuming a full and fair opportunity to litigate, federal courts must accord preclusive effect to state court judgments. 28 U.S.C. § 1738; *Kremer v. Chemical Construction Corp*., 456 U.S. 461, 480–81 (1982). Both issue preclusion and claim preclusion apply to actions under 42 U.S.C. § 1983. *Allen v. McCurry*, 449 U.S. 90 (1980) (issue preclusion); *Migra v. Warren City School Dist. Board*, 465 U.S. 75 (1984) (claim preclusion). State law determines the preclusive effect of previous state proceedings. *Migra*, 465 U.S. at 81; *Valley Wood Preserving, Inc. v. Paul*, 785 F.2d 751, 753 (9th Cir.1986).

Issue preclusion prevents relitigating "issues of fact or law that were actually litigated and necessarily decided" in a prior proceeding. *Robi v. Five Platters, Inc*., 838 F.2d 318, 322 (quoting *Segal v. American Tel. & Tel. Co*., 606 F.2d 842, 845 (9th Cir.1979)). The issue must have been "actually decided" after a "full and fair opportunity" for litigation. *Five Platters*, 838 F.2d at 322.

Under California law, an issue is precluded if (1) the issue decided in the prior adjudication is identical to the issue presented in the second case; (2) there was a final judgment on the merits; and (3) the party against whom estoppel is asserted was a party to the prior adjudication. *Valley Wood*, 785 F.2d at 754 n. 4 (citing *Hirst v. California*, 770 F.2d 776, 778 (9th Cir. 1985); *People v. Sims*, 32 Cal.3d 468 (1982)).

## ANALYSIS

### A. Material Facts

Following a thorough review of the evidence submitted, the Court finds these material facts are deemed undisputed, unless otherwise indicated[3]:

---

[3] The Court notes that Plaintiff did not file any response to Defendants' Statement of Undisputed Facts ("Statement") as required under the Local Rules. *See* E.D. Cal. L.R. 260(b) (directing "[a]ny party opposing a motion for summary judgment or summary adjudication [to] reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition,

6

- Plaintiff Barry K. Brookins is an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). (Doc. No. 60-4 at 2 ¶ 1); (Doc. No. 1 at 1).
- Plaintiff filed the original Complaint in this civil rights action, brought pursuant to 42 U.S.C. 1983, on March 28, 2019. (Doc. No. 60-4 at 2 ¶ 2); (Doc. No. 1 at 1).
- In the operative Second Amended Complaint ("SAC"), filed on April 1, 2020, Plaintiff alleges that Defendant Acosta conducted a search of his cell on January 7, 2018. (Doc. No. 60-4 at 2 ¶ 3); (Doc. No. 12 at 6).
- The search performed by Defendant Acosta led to the discovery of a weapon in the antenna of Plaintiff's radio. (Doc No. 60-4 at 2 ¶ 4); (Doc. No. 12 at 6).
- As a result of Defendant Acosta discovering the weapon, Plaintiff asserts he was transferred to administrative segregation and had 360 days added to his sentence. (Doc. No. 60-4 at 2 ¶ 5); (Doc. No. 12 at 9).
- Upon Plaintiff's January 7, 2018 transfer to administrative segregation, Plaintiff claims that Defendant Acosta inventoried and subsequently lost and/or destroyed his personal property. (Doc. No. 60-4 at 2 ¶ 6); (Doc. No. 12 at 9).
- Plaintiff further alleges that several items of his personal property, including law books, family photos, and greeting cards, ended up in the possession of other inmates. (Doc. No. 60-4 at 2 ¶ 7); (Doc. No. 12 at 8).
- Plaintiff asserts that the January 7, 2018 cell search and subsequent loss of property was in retaliation for a December 26, 2017 racial discrimination lawsuit he filed against Defendant Acosta in Kings County Superior Court. (Doc. No. 60-4 at 2 ¶ 8); (Doc. No. 12 at 7).

---

interrogatory answer, admission, or other document relied upon in support of that denial."). Thus, the Court may properly take all facts set forth in Defendants' Statement as undisputed. However, Plaintiff attached evidence to his opposition, and the operative complaint is verified. (*See* Doc. Nos. 12, 64); s*ee Jones v. Blanas*, 393 F.3d 918, 922-23 (9th Cir. 2004) (noting that, where the plaintiff was proceeding pro se, the court was required to "consider as evidence in his opposition to summary judgment all of [his] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [he] attested under penalty of perjury that the contents of the motions or pleadings are true and correct"). The Court has considered this evidence in determining whether the facts are undisputed, and Defendant is entitled to summary judgment under the applicable legal standards

- On August 7, 2019, Plaintiff filed a Petition for Writ of Mandate in Kings County Superior Court of California ("Petition"). The facts alleged in the Petition arose out of the January 7, 2018 cell search and Defendant Acosta's purported mishandling of Plaintiff's property. (Doc. No. 34-3 at 17-25).
- The Petition alleged that Plaintiff was sent to administrative segregation on January 7, 2018, and that Correctional Officers F. Acosta and J. Regalado inventoried his belongings on the same day. (*Id*. at 17). Plaintiff averred that, upon his release from administrative segregation on January 18, 2018, various items of his personal property were missing. (*Id*. at 17-18).
- Plaintiff claimed that Defendant Acosta and Officer Regalado should be held liable for his lost property under Cal. Code Regs. tit. 15 § 3193(b). (*Id*. at 17, 19).
- Plaintiff sought mandamus relief against Defendant Acosta and Officer Regalado to either return, replace, or compensate him for his allegedly lost property. (*Id*. at 17, 19-20).
- Plaintiff subsequently filed an Amended Petition for Writ of Mandate in the state court case on December 14, 2019 (the "Amended Petition"). (*Id*. at 21-25).
- The Kings County Superior Court denied the Amended Petition on March 10, 2022. (*Id*. at 113-118). Defendant asserts the denial was on the merits (Doc. No. 60-4 at 3 ¶ 14), whereas Plaintiff contends it was not on the merits (Doc. No. 64 at 4-5).
- In reaching its decision, the court considered the inventory form generated by Defendant Acosta and Officer Regalado on January 7, 2018, and the property inventory form subsequently generated by Officer Fernando on January 18, 2018. (Doc. No. 34-3 at 116-17).
- While noting that it was "unclear" who may have been responsible for any loss of Plaintiff's property during his stay in administrative segregation, the court found that Plaintiff had not "established that it was Respondent Acosta or Respondent Regalado who failed to appropriately inventory and store his property and/or were otherwise the cause of his loss of the same." (*Id.*).

8

- The Court also determined that Plaintiff had not "proven that Respondents failed to perform their ministerial duties and/or that there [we]re any grounds upon which to issue mandamus relief." (*Id*. at 117).
- Plaintiff subsequently filed a Notice of Appeal on March 16, 2022. (*Id*. at 120).
- On July 25, 2023, the appellate court affirmed the superior court. (*See* Doc. No. 60-3 at 5-12).
- On August 10, 2023, Plaintiff filed a motion for reconsideration, which the appellate court denied on August 17, 2023. (*Id*. at 19).
- The case was marked "complete" on September 25, 2023. (*Id*.).
- Plaintiff was provided with the opportunity to fully litigate his case and provide all documentation he believed necessary, including filing a motion for reconsideration of the Court of Appeal's order. (Doc. No. 60-4 at 4 ¶ 22); (Doc. No. 58 at 2) (Plaintiff "included all necessary . . . documents to substantiate his claims in Appellant [sic] Opening Brief dated October 4, 2022.").

**B. Plaintiff Claim Against Defendant Acosta is Barred by *Res Judicata***

As set forth more fully below, the Court finds the undisputed record demonstrates Plaintiff had a full and fair opportunity to litigate in state court the same claims that he asserts in the instant lawsuit and therefore his claim is barred by *res judicata*.

      1. <u>Identity of Claims</u>

"The fact that *res judicata* depends on an 'identity of claims' does not mean that an imaginative attorney may avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated. Rather, [i]dentity of claims exists when two suits arise from 'the same transactional nucleus of facts.'" *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077–78 (9th Cir. 2003) (internal quotations and citations omitted). Here, the relevant "transactional nucleus of facts" governing the claims that could have been brought concerns the January 7, 2018 search of Plaintiff's cell, seizure of his property, and alleged loss or destruction of that property. It is clear upon review that both Plaintiff's state court action and his federal claim arise from the same nucleus of facts.

9

The gravamen of Plaintiff's state court petition for writ of mandate was that Defendant Acosta and Officer J. Regalado mislaid his property after the January 7, 2018 cell search "out of retaliation" for his "prior complaints pending." (Doc. No. 34-3 at 17). Plaintiff's federal suit alleges an identical claim—that Defendant Acosta retaliated against Plaintiff for filing a lawsuit against him by destroying or losing Plaintiff's property, in violation of the First Amendment. (*See generally* Doc. No. 12).

Thus, the two claims are identical for purposes of res judicata because they arise from the same "transactional nucleus of facts" and assert the same legal cause of action.

### 2. Final Judgment on the Merits

There is no genuine dispute as to whether Plaintiff's claim in the state court action was subject to a final judgment on the merits. The trial court denied the petition after "fully review[ing] all pleadings and arguments presented by the parties," finding that Plaintiff had not carried his burden of establishing that Defendant Acosta and J. Regalado were responsible for the loss of his property. (Doc. No. 34-3 at 114, 117). The Court of Appeal reviewed the trial court's factual findings under a "substantial evidence" standard, reviewed the court's legal interpretation de novo, and affirmed, finding its conclusion that "Acosta . . . did not personally owe a duty to compensate Brookins for any lost property [to be] supported by both fact and law." (Doc. No. 60-3 at 5-12).

Plaintiff cites to various procedural events and portions of the trial court record to claim that a genuine dispute of material fact exists. For example, he notes the disqualification of Superior Court Judge Kathy Ciuffini on August 3, 2021, and Defendant's "fail[ure] to give a [sic] effective reply" to certain interrogatories regarding a Pitchess Motion. (Doc. No. 64 at 3 ¶¶ 3, 5). However, even if true, these collateral facts do not provide a basis to find that the state court ruling was not rendered on the merits.

Plaintiff also cites *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979) and *Borst v. Chevron Corp.*, 36 F.3d 1308 (5th Cir. 1994) in support of his position that he was not afforded a full and fair opportunity to litigate, thus *res judicata* should not apply. (Doc. No. 64 at 4). *Parklane Hosiery* concerned the applicability of the doctrine of offensive collateral estoppel.

1    Offensive collateral estoppel, a form of issue preclusion, "preclude[s] a *defendant* from
2    relitigating an issue the defendant has previously litigated and lost to another plaintiff." *Faulkner*
3    *v. Nat'l Geographic Enters. Inc.,* 409 F.3d 26, 37 (2d Cir. 2005), (citing *Parklane*, 439 U.S. at
4    329) (emphasis added).  The *Parklane* court ultimately held that "where the application of
5    offensive estoppel would be unfair to a defendant, a trial judge should not allow [it]." *Parklane*
6    *Hosiery*, 439 U.S. at 324, 331.  There is no question that collateral estoppel is being asserted
7    defensively here, as opposed to offensively, and thus the central holding of *Parklane* is not
8    relevant to Plaintiff's claim.
9         Nor does *Borst* support Plaintiff's argument.  That case involved a class action litigation
10   over whether the distribution of assets pursuant to a corporate merger violated the Employee
11   Retirement Income Security Act of 1974 ("ERISA").  *See Borst*, 36 F.3d 1308.  In a footnote, the
12   court noted that "once an appellate court has affirmed on one ground and passed over another,
13   preclusion does not attach to the ground omitted from its decision." *Borst*, 36 F.3d at 1314, n. 11,
14   quoting *Dow Chemical v. EPA*, 832 F.2d 319, 323 (5th Cir. 1987).  However, the central issue in
15   Plaintiff's state court action—whether Defendant Acosta could be held responsible for the loss or
16   destruction of Plaintiff's property was fully litigated and Plaintiff lost.  Thus, the quoted passage
17   from *Borst* is irrelevant because here the Court of Appeal had not "passed over" any possible
18   grounds for denying Plaintiff's petition for writ of mandate.  Plaintiff can point to no material
19   issue in his federal suit that was not already fully litigated in the state courts, and thus he cannot
20   refute that there is a final judgment on the merits as to his claim.
21        Indeed, Plaintiff's extensive opportunity to litigate the issue of Defendant Acosta's
22   liability included filing an appeal, which was denied on July 25, 2023, and a motion for
23   reconsideration which was denied by the Court of Appeal on August 17, 2023.  Having had a
24   "full and fair opportunity" to litigate the issue before a final judgment on the merits by the
25   California Court of Appeal, the second element of *res judicata* is met.
26              3.   Identity of Parties
27        Plaintiff does not dispute that Defendant Acosta were parties to both his state court action
28   (*Brookins v. F. Acosta et al.*, No. 19C0342), and the instant federal court action (*Brookins v.*

*Acosta et al.*, No. 1:19-cv-00401).  Thus, it is apparent from a cursory review of the two cases that the third element of *res judicata*, identity of parties, is met.

## CONCLUSION

As set forth above, the Defendant in this action has established that Plaintiff previously had a full and fair opportunity in state court to litigate his claims related to the January 7, 2018 search of his cell by Defendant Acosta and the alleged retaliatory destruction or loss of his property.  The claim was subject to a final judgment on the merits by the California Court of Appeal, Fifth Appellate District, which rejected Plaintiff's claim on July 25, 2023, and denied his motion for reconsideration on August 17, 2023.  Thus, Plaintiff's identical claim against Defendant Acosta, asserted in this federal action, is barred under the doctrine of *res judicata*.

Accordingly, for the reasons set forth above, it is hereby **ORDERED**:

Defendant's Motion for Judicial Notice (Doc. No. 60-3) is GRANTED.

It is further **RECOMMENDED:**

Defendant's motion for summary judgment (Doc. No. 60) be GRANTED and judgment be entered in favor of Defendant.

## NOTICE

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days of the date of service** of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   February 12, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE